

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEAN PEIRICK, MICHAEL WATTS,          )
and JAMES JOHNSON,                    )
                                      )    No. 05 C 4391
                Plaintiffs,           )
                                      )    Suzanne B. Conlon, Judge
        v.                            )
                                      )
HOOTERS OF AMERICA, INC., et al.,     )
                                      )
                Defendants.           )

## MEMORANDUM OPINION AND ORDER

Sean Peirick, Michael Watts, and James Johnson (collectively "plaintiffs") initially filed this action against Hooters of America, Inc., Hooters Air, LLC, and Hooters Management Corporation (collectively "defendants") in the Circuit Court of Cook County, Illinois for breach of contract implied in law, breach of contract implied in fact, unjust enrichment, an accounting and a declaratory judgment. Specifically, plaintiffs allege defendants adopted plaintiffs' plans for a Hooters airline without compensation in breach of implied contracts. Defendants Hooters of America, Inc. and Hooters Air LLC removed the action to this court based on diversity jurisdiction. Plaintiffs move for remand, claiming the notice of removal is defective. Defendants move for leave to file an amended notice of removal *instanter*.

## DISCUSSION

Federal district courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A defendant may remove an action from state court to federal court, based on diversity jurisdiction, pursuant to

1

the provisions of 28 U.S.C. § 1446. Under § 1446, a defendant may file a notice of removal within thirty days of receiving a copy of the complaint, or if the case is not removable based on the complaint, within thirty days of receiving a pleading, motion, order or other document that establishes that the case is removable. *Id.* The defendant bears the burden of establishing removability, and all doubts about federal jurisdiction are resolved in favor of remand to state court. *McCoy v. McClain*, 226 F. Supp. 2d 939, 943 (N.D. Ill. 2002).

Plaintiffs allege the notice of removal is defective because defendants failed to: (1) comply with Local Rule 81.2; (2) obtain consent of Hooters Management; and (3) satisfy the requirements for diversity jurisdiction.

## I.      Local Rule 81.2

Plaintiffs argue defendants' notice of removal is fatally defective because it violates Local Rule 81.2. Local Rule 81.2 has been withdrawn because "[i]t imposes burdens on the manner in which lawyers practice in state courts without significant benefit and without clear authority to do so." *Committee Comment* to LR 81.2. Accordingly, the motion to remand for Local Rule 81.2 violations must be denied.

## II.     Failure to Obtain Consent of Defendants

Generally, all defendants must join in, or consent to, removal within the thirty day period set forth in § 1446. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993). A removal petition is defective if it fails to explain why the other defendants have not consented to removal. *Id.*; *Marquette v. Matra Transport, S.A.*, No. 96 C 6768, 1997 WL 222933, at *4 (N.D. Ill. May 1, 1997). Amendment of a notice of removal to correct a technical defect is generally permissible, even if the amendment occurs more than thirty days after removal. *Shaw*, at 369 (failure to obtain consent was

2

"a technicality that doesn't go to the heart of jurisdiction"); *Marquette*, 1997 WL 222933, at \*4 (lack of explanation in removal notice was not a fatal defect); *Estate of Pilsnik v. Hudler*, 118 F. Supp. 2d 905, 909 (E.D. Wis. 2000) (allowing defendants' motion to amend their notice of removal to include explanation).

Hooters Management did not consent to the original notice of removal. Hooters of America, Inc. and Hooters Air, LLC, however, explained the lack of consent, stating that Hooters Management had not yet filed an appearance in the case. In their amended notice, defendants further explain that, despite an investigation, they were originally unable to decipher whether Hooters Management had been served. *See Great American Ins. Co. v. K & R Transportation, Inc.*, No. 04 C 1451, 2004 WL 1094540, at \* 2 (N.D. Ill. May 17, 2004) (explanation sufficient where the notice of removal stated steps were taken to investigate co-defendant's legal status and reasons stated for not including co-defendant's consent in the notice.). The amended notice includes the consent of Hooters Management. Accordingly, any defect due to lack of consent is cured by the amended notice. The motion for leave to file an amended notice of removal *instanter* is granted.

## III.    Diversity Jurisdiction

The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal. *Chase v. Shop 'N Save Warehouse Foods,* Inc., 110 F.3d 424, 427 (7th Cir. 1997). A defendant must establish that diversity is proper by supporting its allegations of jurisdiction with "competent proof." *Id.*; *Hayes v. Bass Pro Outdoor World, LLC,* No. 02 C 9106, 2003 WL 187411, at \*1 (N.D. Ill. Jan. 21, 2003). This standard requires a defendant to offer evidence that proves, to a reasonable probability, that jurisdiction exists. *Chase,* 110 F.3d at 427. In determining whether there is

3

diversity jurisdiction supporting removal, a court must weigh only the evidence available at the time the petition for removal was filed; thus, a court should not base its decision on predictions about what a plaintiff may do in the future. *Hahn v. Pepisco, Inc.*, 350 F. Supp. 2d 758, 763 (N.D. Ill. 2004).

Defendants do not meet their burden of establishing the citizenship and amount in controversy requirements. Defendants must show that the evidence available at the time of removal establishes a reasonable probability that the amount in controversy exceeds $75,000. *See Stein v. Sprint Communications Co.*, 968 F. Supp. 371, 377 (N.D. Ill. 1997). In this case, the amount in controversy is not obvious from the face of the complaint. *See Schacht v. Ethicon*, 881 F. Supp. 348, 349 (N.D. Ill. 1995) (remanding case where amount in controversy was unclear on the face of the complaint and holding appropriate forum for necessary factfinding is state court). Defendants do not offer any proof to support their conclusory statement in the removal notice that "the amount in controversy [ ] exceeds $75,000.00." Def. Am. Notice of Removal at p. 2. Similarly, defendants offer no proof as to their claim that the plaintiffs are citizens of Illinois. Defendants fail to establish by a reasonable probability that the requirements of diversity jurisdiction are satisfied.

## CONCLUSION

Defendants' motion for leave to file amended notice of removal *instanter* and plaintiffs' motion to remand are granted. The deficiencies in the notice of removal make it impossible for the court to determine if the parties are diverse and whether the jurisdictional amount has been satisfied.

4

Accordingly, this case is remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. §
1447(c), based on lack of subject matter jurisdiction.

August 31, 2005                          ENTER:

Suzanne B. Conlon
United States District Judge